UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Y.A.L., INDIVIDUALLY AND ON BEHALF OF MINOR J.M.L., <br><br>Plaintiffs, <br><br>v. <br><br>DISTRICT OF COLUMBIA, *et al.*, <br><br>Defendants. | Civil Action No. 24-2206 (JEB) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff, the godmother and legal custodian of J.M.L., a minor, has sued the District of Columbia and the D.C. Child and Family Services Agency, claiming that the District has violated a number of its obligations to abused and neglected children and their caregivers — including the Social Security Act, the D.C. Prevention of Child Abuse and Neglect Act of 1977, the Interstate Compact on the Placement of Children, the D.C. Human Rights Act of 1977, and the Fifth and Fourteenth Amendment rights of the Plaintiffs. See ECF No. 1 (Compl.), ¶¶ 1, 56–91. She now moves to proceed using a pseudonym for herself, her godchild, and J.M.L.'s deceased mother, J.L. See ECF No. 2 (Mot.). Federal and local rules already require parties to redact a minor child's name from all filings. See Fed. R. Civ. P. 5.2(a); LCvR 5.4(f)(2). Y.A.L. contends, however, that disclosing her name and address as well as the name of J.L. "would . . . , in effect, reveal the identity of" J.M.L. and that pseudonymity is therefore justified for her and J.L. as well. See Mot. at 3.

1

The Court will grant the Motion, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint").

## I.     Legal Standard

Generally, a complaint must identify the plaintiffs. See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1), 11.1. That requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings." In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sentencing Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)). A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name." In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020). As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test. Id. (quoting In re Sealed Case, 931 F.3d at 96). That test assesses "five non-exhaustive factors":

[1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;

[2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;

[3] the ages of the persons whose privacy interests are sought to be protected;

[4] whether the action is against a governmental or private party; and relatedly,

[5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

**II.     Analysis**

At this early stage, Plaintiff has met her burden to show that the privacy interests at stake outweigh the public's presumptive and substantial interest in learning her identity.

First, as the Complaint makes clear, Plaintiff seeks to proceed under a pseudonym not "merely to avoid the annoyance and criticism that may attend any litigation," but to "preserve privacy in a matter of [a] sensitive and highly personal nature."  Id. at 326 (quoting In re Sealed Case, 931 F.3d at 97) (alteration in original).  The Complaint discusses that J.M.L. tested positive at birth for cocaine on a toxicology screen, that she sustained specific physical ailments in a birth injury, and that her mother left her in the hospital shortly after giving birth.  See Compl., ¶ 5.  It further describes the serious mental-health struggles J.L. experienced while pregnant as well as her drug use, id., ¶ 49, thus revealing paradigmatically "sensitive and highly personal" information about J.M.L. and the circumstances under which she was born.  See S.S. v. Dist. of Columbia, 2021 WL 7210784, at *3 (D.D.C. Mar. 19, 2021) (factor one weighs in favor of pseudonymity when plaintiff "seek[s] to prevent publicly airing details of the neglect and abuse suffered by the minor plaintiffs and delving into their family trauma").  "Although it is the adult caregiver . . . of the minor litigant whose name[] will be hidden, the instant motion is primarily about protecting the privacy of" J.M.L.  Id. at *2.  "Indeed, while Federal Rule of Civil Procedure 5.2(a) acknowledges the privacy interests of minor children by allowing parties to reference minors only by their initials," in a case like this, that Rule's "protection would be 'eviscerated unless the [godparent and] parent w[ere] also permitted to proceed using initials.'"  J.W. v. Dist. of Columbia, 318 F.R.D. 196, 199 (D.D.C. 2016) (quoting C.B. v. Pittsford Cent. Sch. Dist., 2009 WL 2991564, at *4 (W.D.N.Y. Sept. 15, 2009)).

The second factor, which concerns the "risk of retaliatory physical or mental harm" to Plaintiff and to "innocent non-parties," also counsels granting the Motion. See In re Sealed Case, 971 F.3d at 326 (internal quotation marks and citation omitted). Public disclosure, Y.A.L. asserts, would result in significant harm to J.M.L. See Mot. at 5. In particular, she fears that if the full names of J.M.L.'s godmother and biological mother are discussed in this lawsuit, J.M.L. "may someday learn that descriptions of the abuse [she] suffered were available to the world to see." Id. (quoting K.H. ex rel. K.J., No. 19-3124, ECF No. 2, at 5 (D.D.C. Oct. 18, 2019)); see also M.S. v. Dist. of Columbia, 2021 WL 6808300, at *3 (D.D.C. Mar. 11, 2021) (same).

To be sure, Plaintiff does not attach an affidavit supporting these claims, cf. Sponsor v. Mayorkas, 2023 WL 2598685, at *2 (D.D.C. Mar. 22, 2023) (referencing affidavits in support of motion), and "[d]iscovery may well render [her] concerns unsupported and unwarranted." Doe v. Fed. Republic of Germany, 680 F. Supp. 3d 1, 5 (D.D.C. 2023). At this early stage, however, the Court finds that the allegations in the Complaint are sufficient to establish that revealing Y.A.L. and J.L.'s names publicly in connection with this litigation poses a risk of future mental harm to J.M.L. See Mot. at 5. This factor therefore supports permitting Y.A.L. and J.L. to proceed under a pseudonym.

The third factor — "the ages of the persons whose privacy interests are sought to be protected," In re Sealed Case, 931 F.3d at 97 — supports proceeding under pseudonyms, too. Although Plaintiff is an adult and J.L. was an adult, they both "share common privacy interests" with J.M.L. "due to their intractably linked relationship." J.W., 318 F.R.D. at 201. J.M.L.'s age thus places this factor in favor of Y.A.L. and J.L.'s proceeding pseudonymously.

The fourth factor also adds some weight to the scale supporting non-disclosure. Plaintiff has sued only governmental actors, and "anonymous litigation is more acceptable when the

defendant is a governmental body because government defendants 'do not share the concerns about "reputation" that private individuals have when they are publicly charged with wrongdoing.'"  Id. (quoting Doe v. Cabrera, 307 F.R.D. 1, 8 (D.D.C. 2014)); see also Doe 1 v. George Washington Univ., 369 F. Supp. 3d 49, 67 (D.D.C. 2019) (distinguishing "private litigants, who presumably have concerns about their respective reputations").  Although Y.A.L. alleges serious wrongdoing on the part of governmental actors and "the public has a strong interest in monitoring . . . the positions that its elected officials and government agencies take in litigation," Hyatt v. Lee, 251 F. Supp. 3d 181, 184 (D.D.C. 2017) (citation omitted), the public will be able to vindicate that interest here regardless of whether she and J.L. use pseudonyms because Y.A.L. has filed her lawsuit on the public docket, not under seal.  The fourth factor, accordingly, supports her Motion.

The fifth and final factor also favors granting Plaintiff's Motion.  Defendants would suffer no unfairness if the Motion were granted because Y.A.L. has already disclosed her identity and that of J.L. under seal.  See ECF No. 2-1 (Decl. of Name and Address); In re Sealed Case, 971 F.3d at 326 n.1 (explaining that this factor is "not implicated" where defendant knows plaintiff's identity).  Defendants, of course, remain free to request any further information they deem necessary to the full and fair defense of the case, and Plaintiff remains free to object.

In sum, every factor highlights Plaintiff's "legitimate interest in anonymity" at this early stage.  In re Sealed Case, 931 F.3d at 96.

The Court accordingly ORDERS that:

1. Plaintiff's [2] Motion to Proceed Under Pseudonym is GRANTED, subject to any further consideration by the United States District Judge to whom this case is randomly assigned;

2. All parties shall use the pseudonyms listed in the Complaint in all documents filed in this action; and

3. Within fourteen days of this Order, Plaintiff shall file on the public docket a pseudonymous version of her [2] Motion and any attachments.

                                               /s/ *James E. Boasberg*
                                               JAMES E. BOASBERG
                                               Chief Judge

Date: August 9, 2024